IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 21-265 |
| LONDON PINKINS | ) | [UNDER SEAL] |
| JACKIE BELL | ) | |
| ALBERT CUMMINGS | ) | |
| JIMMY GADSON | ) | |
| HAROLD HOOTEN | ) | |
| TORLANDO HOPSON | ) | |
| ALPHONSE JOHNSON | ) | |
| JERMALL JOHNSON | ) | |
| AMANDA KARWOWSKI | ) | |
| MICHAEL LOVE | ) | |
| KATLYN MCGIRR | ) | |
| KENNETH MILLER | ) | |
| NICHOLAS OSTHEIMER | ) | |
| EUGENE PHILLIPS | ) | |
| QUINTON PINKINS | ) | FILED |
| JOSEPH PUMPHREY | ) | |
| COURTNEY PURDY | ) | JUN 15 2021 |
| JERONTE ROBINSON | ) | |
| JAMMAR SHELTON | ) | CLERK U.S. DISTRICT COURT |
| JAMES WEST | ) | WEST. DIST. OF PENNSYLVANIA |
| KHIRY WHITESIDE | ) | |
| DENZEL WILLIAMS | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Craig W. Haller, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a 28-count Indictment against the above-named defendants for alleged violations of federal law:

1.

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl, 100 grams or more of heroin, 28 grams or more of cocaine base, a quantity of cocaine, and a quantity of methamphetamine from June 2020 to June 2021 | 21 U.S.C. § 846 (All Defendants) |
| 2 | Conspiracy to launder drug trafficking proceeds from February 2021 to June 2021 | 18 U.S.C. § 1956(h) (LONDON PINKINS & PHILLIPS) |
| 3, 17, 23, 24 | Possession with intent to distribute and/or distribution of 28 grams or more of cocaine base, a quantity of cocaine, and/or a quantity of methamphetamine<br>Count 3: November 8, 2019<br>Count 17: April 20, 2021<br>Count 23: May 18, 2021<br>Count 24: May 18, 2021 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C) (WILLIAMS: 3, ALPHONSE JOHNSON: 17, KARWOWSKI: 23, LONDON PINKINS: 24) |
| 4, 6-8, 14, 15, 19-22, 25-28 | Possession with intent to distribute and/or distribution of a quantity of fentanyl, heroin, cocaine base, and/or cocaine within 1,000 feet of a playground, school, and public housing<br>Count 4: August 16, 2020<br>Count 6: September 13, 2020<br>Count 7: November 18, 2020<br>Count 8: December 5, 2020<br>Count 14: March 30, 2021<br>Count 15: April 7, 2021<br>Count 19: April 24, 2021<br>Count 20: April 24, 2021<br>Count 21: May 17, 2021<br>Count 22: May 17, 2021<br>Count 25: May 26, 2021<br>Count 26: May 26, 2021<br>Count 27: May 27, 2021<br>Count 28: May 27, 2021 | 21 U.S.C. § 860(a) (OSTHEIMER: 4, 6; GADSON: 7, 8, 15, 20; CUMMINGS: 14; WEST: 19; SHELTON: 21; LONDON PINKINS: 22; PURDY: 25, 27; QUINTON PINKINS: 26, 28) |

| 5, 9-13, 16, 18 | Possession with intent to distribute and/or distribution of a quantity of fentanyl, heroin, cocaine base, cocaine, and/or methamphetamine<br>Count 5: August 24, 2020<br>Count 9: January 22, 2021<br>Count 10: February 3, 2021<br>Count 11: March 20, 2021<br>Count 12: March 24, 2021<br>Count 13: March 28, 2021<br>Count 16: April 13, 2021<br>Count 18: April 22, 2021 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)<br>(OSTHEIMER: 5;<br>LONDON PINKINS: 9;<br>JIMMY GADSON: 10, 16; BELL: 11, 12;<br>MCGIRR: 13;<br>WILLIAMS: 18) |
|---|---|---|

## II. ELEMENTS OF THE OFFENSES

**A.** **As to Count 1**: For the crime of conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl, 100 grams or more of heroin, 28 grams or more of cocaine base, a quantity of cocaine, and a quantity of methamphetamine, in violation of 21 U.S.C. § 846, to be established, the United States must prove the following elements beyond a reasonable doubt:

1. That two or more people agreed to distribute or possess with intent to distribute a controlled substance;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement knowing of its objective to distribute or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

4. That the controlled substance was fentanyl, heroin, cocaine base, cocaine, or methamphetamine; and that the amount of fentanyl, heroin, or cocaine base attributable

3

to the defendant as a result of the defendant's own conduct and the conduct of conspirators that was reasonably foreseeable to the defendant was 40 grams or more of fentanyl, 100 grams or more of heroin, or 28 grams or more of cocaine base.

**B.** **As to Count 2:** For the crime of conspiracy to launder drug trafficking proceeds, in violation of 18 U.S.C. § 1956(h), to be established, the United States must prove each of the following elements beyond a reasonable doubt:

1. That two or more people agreed to launder money as charged in the Indictment; that is, they agreed to conduct a financial transaction affecting interstate commerce involving the proceeds of specified unlawful activity, with the intent to promote the carrying on of the specified unlawful activity and/or knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, and knowing that the proceeds were from some form of unlawful activity;

2. That the defendant was a party to, or member of, the agreement; and

3. That the defendant joined the agreement knowing of its objective to launder money as charged in the Indictment and intending to join together with at least one other conspirator to achieve that objective.

**C.** **As to Counts 3, 17, 23, and 24:** For the crime of possession with intent to distribute and/or distribution of 28 grams or more of cocaine base, a quantity of cocaine, and/or a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C), to be established, the United States must prove the following elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a mixture or substance containing a controlled substance;

2. That the defendant had an intent to distribute or distributed the mixture or substance;

3. That the mixture or substance contained cocaine base, cocaine, or methamphetamine; and

4. That the amount of the mixture or substance that contained cocaine base was 28 grams or more.

**D. As to Counts 4, 6-8, 14, 15, 19-22, and 25-28:** For the crime of possession with intent to distribute and/or distribution of a quantity of fentanyl, heroin, cocaine base, and/or cocaine within 1,000 feet of a playground, school, and public housing, in violation of 21 U.S.C. § 860(a), to be established, the United States must prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a mixture or substance containing a controlled substance;

2. That the defendant had an intent to distribute or distributed the mixture or substance;

3. That the mixture or substance contained fentanyl, heroin, cocaine base, or cocaine; and

4. That the defendant possessed with intent to distribute or distributed the fentanyl, heroin, cocaine base, or cocaine within one thousand feet of the real property comprising a playground, school, or public housing.

E. **As to Counts 5, 9-13, 16, and 18**: For the crime of possession with intent to distribute and/or distribution of a quantity of fentanyl, heroin, cocaine base, cocaine, and/or methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the United States must prove the following elements beyond a reasonable doubt.

1. That the defendant knowingly possessed a mixture or substance containing a controlled substance;

2. That the defendant had an intent to distribute or distributed the mixture or substance; and

3. That the mixture or substance contained fentanyl, heroin, cocaine base, cocaine, or methamphetamine.

### III. PENALTIES

A. **As to each of Counts 1, 3, 17, 23, and 24:**

1. A term of imprisonment of at least 5 years and up to 40 years.

2. A fine of up to $5,000,000.

3. A term of supervised release of at least 4 years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony:

1. A term of imprisonment of at least 10 years and up to life.

2. A fine of up to $8,000,000.

3. A term of supervised release of at least 8 years.

B. **As to Count 2:**

   1. A term of imprisonment of up to twenty years.

   2. A fine of up to $500,000 or twice the value of the property involved in the transaction, whichever is greater.

   3. A term of supervised release of up to three years.

C. **As to Counts 4, 6-8, 14, 15, 19-22, and 25-28:**

   1. A term of imprisonment of not less than 1 year and up to twice the maximum authorized under 21 U.S.C. § 841(b).

   2. A fine of up to twice the maximum authorized under 21 U.S.C. § 841(b).

   3. A term of supervised release of at least twice the term authorized for a first offense under 21 U.S.C. § 841(b).

   If the defendant has a prior conviction under 21 U.S.C. § 860(a):

   1. A term of imprisonment of not less than 3 years and up to life.

   2. A fine of up to three times the maximum authorized under 21 U.S.C. § 841(b).

   3. A term of supervised release of at least three times the term authorized for a first offense under 21 U.S.C. § 841(b).

   If the defendant has two or more prior convictions under 21 U.S.C. § 860(a), the penalties are those set forth in 21 U.S.C. § 841(b)(1)(A).

D. **As to Counts 5, 9-13, 16, and 18:**

   1. A term of imprisonment of up to 20 years.

   2. A fine of up to $1,000,000.

3. A term of supervised release of at least three years.

If the defendant has a prior felony drug conviction:

1. A term of imprisonment of up to 30 years.

2. A fine of up to $2,000,000.

3. A term of supervised release of at least six years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed for each count of conviction, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution is not applicable at this time.

## VI. FORFEITURE

As set forth in the Indictment, this case may involve forfeiture of the defendants' interests in certain assets.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


s/ Craig W. Haller
CRAIG W. HALLER
Assistant U.S. Attorney
PA ID No. 87714