*B 1545*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. *21-265* |
| | ) | |
| LONDON PINKINS | ) | (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), |
| JACKIE BELL | ) | 841(b)(1)(B)(iii), 841(b)(1)(B)(vi), |
| ALBERT CUMMINGS | ) | 841(b)(1)(C), 846, and 860(a); 18 U.S.C. |
| JIMMY GADSON | ) | § 1956(h)) |
| HAROLD HOOTEN | ) | |
| TORLANDO HOPSON | ) | **[UNDER SEAL]** |
| ALPHONSE JOHNSON | ) | |
| JERMALL JOHNSON | ) | |
| AMANDA KARWOWSKI | ) | |
| MICHAEL LOVE | ) | |
| KATLYN MCGIRR | ) | |
| KENNETH MILLER | ) | |
| NICHOLAS OSTHEIMER | ) | |
| EUGENE PHILLIPS | ) | |
| QUINTON PINKINS | ) | |
| JOSEPH PUMPHREY | ) | |
| COURTNEY PURDY | ) | |
| JERONTE ROBINSON | ) | |
| JAMMAR SHELTON | ) | |
| JAMES WEST | ) | |
| KHIRY WHITESIDE | ) | |
| DENZEL WILLIAMS | ) | |

**FILED**

JUN 15 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT

## COUNT ONE

The grand jury charges:

From in and around June 2020, through in and around June 2021, in the Western

District of Pennsylvania and elsewhere, the defendants, LONDON PINKINS, JACKIE BELL,

ALBERT CUMMINGS, JIMMY GADSON, HAROLD HOOTEN, TORLANDO HOPSON,

ALPHONSE JOHNSON, JERMALL JOHNSON, AMANDA KARWOWSKI, MICHAEL

LOVE, KATLYN MCGIRR, KENNETH MILLER, NICHOLAS OSTHEIMER, EUGENE

PHILLIPS, QUINTON PINKINS, JOSEPH PUMPHREY, COURTNEY PURDY, JERONTE ROBINSON, JAMMAR SHELTON, JAMES WEST, KHIRY WHITESIDE, and DENZEL WILLIAMS, did knowingly, intentionally, and unlawfully conspire with each other, and with persons both known and unknown to the grand jury, to distribute and possess with intent to distribute Schedule I and II controlled substances, including (1) 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; (2) 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; (3) 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; (4) a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and (5) a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(iii), 841(b)(1)(B)(vi), and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The grand jury further charges:

From in and around February 2021, through in and around June 2021, in the Western District of Pennsylvania, defendants LONDON PINKINS and EUGENE PHILLIPS did knowingly, intentionally, and unlawfully conspire, with each other and with persons both known and unknown to the grand jury, to conduct and attempt to conduct financial transactions affecting interstate commerce involving the proceeds of specified unlawful activity, that is, illegal drug trafficking in violation of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of the specified unlawful activity and knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to the provisions of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

The grand jury further charges:

On or about November 8, 2019, in the Western District of Pennsylvania, defendant DENZEL WILLIAMS did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT FOUR

The grand jury further charges:

On or about August 16, 2020, in the Western District of Pennsylvania, defendant NICHOLAS OSTHEIMER did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## **COUNT FIVE**

The grand jury further charges:

On or about August 24, 2020, in the Western District of Pennsylvania, defendant NICHOLAS OSTHEIMER did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

The grand jury further charges:

On or about September 13, 2020, in the Western District of Pennsylvania, defendant NICHOLAS OSTHEIMER did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT SEVEN

The grand jury further charges:

On or about November 18, 2020, in the Western District of Pennsylvania, defendant JIMMY GADSON did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT EIGHT

The grand jury further charges:

On or about December 5, 2020, in the Western District of Pennsylvania, defendant JIMMY GADSON did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT NINE

The grand jury further charges:

On or about January 22, 2021, in the Western District of Pennsylvania, defendant LONDON PINKINS did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN

The grand jury further charges:

On or about February 3, 2021, in the Western District of Pennsylvania, defendant JIMMY GADSON did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## **COUNT ELEVEN**

The grand jury further charges:

On or about March 20, 2021, in the Western District of Pennsylvania, defendant JACKIE BELL did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWELVE

The grand jury further charges:

On or about March 24, 2021, in the Western District of Pennsylvania, defendant JACKIE BELL did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTEEN

The grand jury further charges:

On or about March 28, 2021, in the Western District of Pennsylvania, defendant KATLYN MCGIRR did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOURTEEN

The grand jury further charges:

On or about March 30, 2021, in the Western District of Pennsylvania, defendant ALBERT CUMMINGS did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT FIFTEEN

The grand jury further charges:

On or about April 7, 2021, in the Western District of Pennsylvania, defendant JIMMY GADSON did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## **COUNT SIXTEEN**

The grand jury further charges:

On or about April 13, 2021, in the Western District of Pennsylvania, defendant JIMMY GADSON did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTEEN

The grand jury further charges:

On or about April 20, 2021, in the Western District of Pennsylvania, defendant ALPHONSE JOHNSON did knowingly, intentionally, and unlawfully possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C).

## <u>COUNT EIGHTEEN</u>

The grand jury further charges:

On or about April 22, 2021, in the Western District of Pennsylvania, defendant DENZEL WILLIAMS did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## **COUNT NINETEEN**

The grand jury further charges:

On or about April 24, 2021, in the Western District of Pennsylvania, defendant JAMES WEST did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY

The grand jury further charges:

On or about April 24, 2021, in the Western District of Pennsylvania, defendant JIMMY GADSON did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-ONE

The grand jury further charges:

On or about May 17, 2021, in the Western District of Pennsylvania, defendant JAMMAR SHELTON did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-TWO

The grand jury further charges:

On or about May 17, 2021, in the Western District of Pennsylvania, defendant LONDON PINKINS did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-THREE

The grand jury further charges:

On or about May 18, 2021, in the Western District of Pennsylvania, defendant AMANDA KARWOWSKI did knowingly, intentionally, and unlawfully possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C).

## COUNT TWENTY-FOUR

The grand jury further charges:

On or about May 18, 2021, in the Western District of Pennsylvania, defendant LONDON PINKINS did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT TWENTY-FIVE

The grand jury further charges:

On or about May 26, 2021, in the Western District of Pennsylvania, defendant COURTNEY PURDY did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-SIX

The grand jury further charges:

On or about May 26, 2021, in the Western District of Pennsylvania, defendant QUINTON PINKINS did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

# COUNT TWENTY-SEVEN

The grand jury further charges:

On or about May 27, 2021, in the Western District of Pennsylvania, defendant COURTNEY PURDY did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-EIGHT

The grand jury further charges:

On or about May 27, 2021, in the Western District of Pennsylvania, defendant QUINTON PINKINS did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground, a public or private elementary, vocational, or secondary school, and a housing facility owned by a public housing authority; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## <u>NOTICE OF SPECIAL FINDINGS</u>

The grand jury further finds:

1.    As to Count One of this Indictment, defendant ALBERT CUMMINGS:

(a)    was previously convicted on or about March 20, 2009, in the Cuyahoga County (Ohio) Court of Common Pleas, at Case Number CR-08-518524-A, of the crime of Trafficking a Controlled Substance in violation of O.R.C. § 2925.03(A)(2) (a serious drug felony under 21 U.S.C. § 802(57));

(b)    served a term of imprisonment of more than 12 months for this conviction; and

(c)    was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

2.    As to Count One of this Indictment, defendant JIMMY GADSON:

(a)    was previously convicted and then sentenced on or about March 10, 2011, in the United States District Court for the Western District of Pennsylvania, at Case Number 08-248, for the crime of Distribution and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) (a serious drug felony under 21 U.S.C. § 802(57));

(b)    served a term of imprisonment of more than 12 months for this conviction; and

(c)    was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

3.    As to Count One of this Indictment, defendant KHIRY WHITESIDE:

(a)    was previously convicted on or about November 8, 2010, in the Mercer County (Pennsylvania) Court of Common Pleas, at Case Number 539-2010, of the crime

of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) (a serious drug felony under 21 U.S.C. § 802(57));

(b)      served a term of imprisonment of more than 12 months for this conviction; and

(c)      was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

## FORFEITURE ALLEGATIONS

1.     The grand jury re-alleges and incorporates by reference the allegations contained in Counts One through Twenty-eight of this Indictment for the purpose of alleging criminal forfeiture pursuant to Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p); and Title 28, United States Code, Section 2461(c).

2.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as charged in Count Two of this Indictment, defendants LONDON PINKINS and EUGENE PHILLIPS shall forfeit to the United States any property, real or personal, involved in this offense, and any property traceable to such property.

3.     As a result of the conduct underlying the violations of Title 21, United States Code, Sections 841, 846, and 860 charged in this Indictment, the defendants, LONDON PINKINS, JACKIE BELL, ALBERT CUMMINGS, JIMMY GADSON, HAROLD HOOTEN, TORLANDO HOPSON, ALPHONSE JOHNSON, JERMALL JOHNSON, AMANDA KARWOWSKI, MICHAEL LOVE, KATLYN MCGIRR, KENNETH MILLER, NICHOLAS OSTHEIMER, EUGENE PHILLIPS, QUINTON PINKINS, JOSEPH PUMPHREY, COURTNEY PURDY, JERONTE ROBINSON, JAMMAR SHELTON, JAMES WEST, KHIRY WHITESIDE, and DENZEL WILLIAMS, acquired gross proceeds, thereby subjecting said proceeds to forfeiture to the United States pursuant to Title 21, United States Code, Section 853(a)(1).

4.     If, through any act or omission by the defendants, LONDON PINKINS, JACKIE BELL, ALBERT CUMMINGS, JIMMY GADSON, HAROLD HOOTEN, TORLANDO

HOPSON, ALPHONSE JOHNSON, JERMALL JOHNSON, AMANDA KARWOWSKI, MICHAEL LOVE, KATLYN MCGIRR, KENNETH MILLER, NICHOLAS OSTHEIMER, EUGENE PHILLIPS, QUINTON PINKINS, JOSEPH PUMPHREY, COURTNEY PURDY, JERONTE ROBINSON, JAMMAR SHELTON, JAMES WEST, KHIRY WHITESIDE, and DENZEL WILLIAMS, any or all of the proceeds referenced in paragraph three (hereinafter "the Subject Proceeds"):

a.     Cannot be located upon the exercise of due diligence;

b.     Have been transferred, sold to, or deposited with a third person;

c.     Have been placed beyond the jurisdiction of the Court;

d.     Have been substantially diminished in value; or

e.     Have been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property, proceeds, or funds of the defendants up to the value of the Subject Proceeds referenced above pursuant to Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).

A True Bill,

_____
Foreperson

_____
STEPHEN R. KAUFMAN
Acting United States Attorney
PA ID No. 42108